# EXHIBIT A

TRAVIS J. ROBERTSON, ESQ. (14769)
SHUMWAY VAN
8 East Broadway, Suite 550
Salt Lake City, Utah 84111
Phone: (801) 478-8080
Fax: (801) 478-8088
travis@shumwayvan.com
*Attorney for Plaintiff*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

## IN THE FOURTH JUDICIAL DISTRICT COURT
## IN AND FOR UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| SHERRI SHANA HALL, an individual<br><br>*Plaintiff,*<br><br>v.<br><br>WALMART INC., a foreign corporation; DOES 1-10 whose true names are unknown; and ROE BUSINESS ENTITIES 1-10 whose true names are unknown.<br><br>*Defendants.* | **COMPLAINT**<br><br>Civil No.:<br><br>Judge:<br><br>Tier 3 |

Plaintiff SHERRI SHANA HALL through her undersigned counsel, hereby complains of Defendants WALMART, INC.; DOES 1-10; and ROE BUSINESS ENTITIES 1-10.

### PARTIES AND JURISDICTION

1. Plaintiff SHERRI SHANA HALL ("*Plaintiff*") is, and at all times relevant herein was, a resident of Utah County, State of Utah.

2. Defendant WALMART, INC. ("*Walmart Inc.*"), upon information and belief is, and at all times relevant herein was, a foreign corporation duly licensed to conduct business in the

1

State of Utah, with sufficient minimum contacts with the State of Utah to submit it to the jurisdiction of this Court.

3. Defendants DOES 1-10 and ROE BUSINESS ENTITIES 1-10 are set forth herein pursuant to Rule 10 of the Utah Rules of Civil Procedure. They constitute all persons or business entities whose true names are unknown to Plaintiff and are believed to be responsible for the events and happenings in any of the following ways:

   a. Parties responsible in some manner for the events and happenings herein referred to that caused damages proximately to Plaintiff;

   b. Parties that are the agents, servants, employees, and/or contractors of the Defendants, each of them acting within the course and scope of their agency, employment, or contract;

   c. Parties that own, lease, manage, operate, secure, and/ or are responsible for the premises or property involved in this matter; and

   d. Parties that have assumed the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise.

At such time when the names of said DOES 1-10 and ROE BUSINESS ENTITIES 1-10 have been ascertained, Plaintiff will request leave from the court to amend this Complaint and insert their true names and capacities and adjoin them in this action. All Defendants, including DOE and ROE Defendants, are referred to herein as "***Defendants***."

4. The events and circumstances giving rise to this Complaint occurred in Utah County, State of Utah.

5. Jurisdiction is proper pursuant to U.C.A. §78A-5-102(1).

6. Venue is proper pursuant to U.C.A. §78B-3-307.

## FACTS

7. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

8. On or about July 14, 2018, Plaintiff was shopping inside the Walmart Supercenter located at 949 West Grassland Drive, American Fork, Utah 84003 ("***Walmart Supercenter***").

9. While walking in one of the shopping aisles she slipped and fell on a puddle of liquid that was left unattended.

10. Her feet went out from under her, and she landed on her back and shoulder, and her head also struck the floor. There were no signs warning her of the puddle.

11. At all times relevant herein, the Walmart Supercenter was owned, operated, controlled, and/or maintained by Defendants.

## FIRST CAUSE OF ACTION
### (Negligence)

12. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

13. Upon information and belief, on July 14, 2018, the Walmart Supercenter was owned, operated, controlled, and/or maintained by Defendants.

14. Defendants owed Plaintiff a duty of reasonable care to provide safe shopping conditions for Plaintiff, including a duty to maintain their floors so that they were free from hazardous conditions, such as a puddle of water.

15. Defendants breached this duty because they caused and/or allowed a pool of water to exist on the floor of the Walmart Supercenter or had actual or constructive knowledge of this condition

but failed to discover and/or remedy it. Further, Defendant issued no warning(s) regarding the pool of water.

16. DOES 1-10 include any and all employees, agent, and/or representatives of all other Defendants that were responsible for the pool of water or for failing to remedy or warn about the condition, and each such DOE was within the scope of his/her employment, agency, and/or representation all times relevant to this matter.

17. As a direct and proximate result, Plaintiff sustained injuries to her body, all or some of which may be permanent and disabling. These injuries required Plaintiff to seek medical treatment from various professionals, as well as lost wages and loss of earning capacity, that has or will result in damages to justify tier 3 discovery.

18. As a direct and proximate result, Plaintiff has suffered limited life activities, which have caused and shall continue to cause Plaintiff, among other things, physical impairment and pain, mental anguish, loss of enjoyment of life, inconvenience, and other forms of pain and suffering in a presently unascertainable amount, but Plaintiff alleges general damages to justify tier 3 discovery.

19. Defendants' conduct was willful, malicious, and/or manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, thus warranting an award of punitive damages.

20. As a direct and proximate result, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### (Negligence *Per Se*)

21. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

22. The actions of Defendants mentions herein violated the local laws, ordinances, codes, and other standards regarding Defendants' conduct, thus constituting negligence *per se*.

23. DOES 1-10 include any and all employees, agent, and/or representatives of all other Defendants that were responsible for the pool of water or for failing to remedy or warn about the condition, and each such DOE was within the scope of his/her employment, agency, and/or representation all times relevant to this matter.

24. As a direct and proximate result, Plaintiff sustained injuries to her body, all or some of which may be permanent and disabling. These injuries required Plaintiff to seek medical treatment from various professionals, as well as lost wages and loss of earning capacity, that has or will result in damages to justify tier 3 discovery.

25. As a direct and proximate result, Plaintiff has suffered limited life activities, which have caused and shall continue to cause Plaintiff, among other things, physical impairment and pain, mental anguish, loss of enjoyment of life, inconvenience, and other forms of pain and suffering in a presently unascertainable amount, but Plaintiff alleges general damages to justify tier 3 discovery.

26. Defendants' conduct was willful, malicious, and/or manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, thus warranting an award of punitive damages.

27. As a direct and proximate result, Plaintiff has been required to engage the services

5

of an attorney, incurring attorney's fees and costs to bring this action in an amount to be proved at trial.

### THIRD CAUSE OF ACTION
### (Premises Liability)

28. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

29. Upon information and belief, on July 14, 2018, the Walmart Supercenter was owned, operated, controlled, and/or maintained by Defendants.

30. Defendants owed Plaintiff a duty of reasonable care to provide safe shopping conditions for Plaintiff, including a duty to maintain their floors so that they were free from hazardous conditions, such as a puddle of water.

31. Defendants breached this duty because they caused and/or allowed a pool of water to exist on the floor of the Walmart Supercenter or had actual or constructive knowledge of this condition but failed to discover and/or remedy it. Further, Defendant issued no warning(s) regarding the pool of water.

32. DOES 1-10 include any and all employees, agent, and/or representatives of all other Defendants that were responsible for the pool of water or for failing to remedy or warn about the condition, and each such DOE was within the scope of his/her employment, agency, and/or representation all times relevant to this matter.

33. As a direct and proximate result, Plaintiff sustained injuries to her body, all or some of which may be permanent and disabling. These injuries required Plaintiff to seek medical treatment from various professionals, as well as lost wages and loss of earning capacity, that has or will result in damages to justify tier 3 discovery.

34. As a direct and proximate result, Plaintiff has suffered limited life activities, which have caused and shall continue to cause Plaintiff, among other things, physical impairment and pain, mental anguish, loss of enjoyment of life, inconvenience, and other forms of pain and suffering in a presently unascertainable amount, but Plaintiff alleges general damages to justify tier 3 discovery.

35. Defendants' conduct was willful, malicious, and/or manifested a knowing and reckless indifference toward, and a disregard of, the rights of others, thus warranting an award of punitive damages.

36. As a direct and proximate result, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

37. Pursuant to Rule 38(b) of the Utah Rules of Civil Procedure, Plaintiff hereby requests a trial by jury in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For an award for general and special damages;

2. For an award of punitive damages;

3. For an award of reasonable costs and attorney fees to be determined by the court;

4. For an award of pre-judgment and post-judgment interest at the statutory rate;

5. For such other and further relief as this Court deems just, equitable, and proper.

DATED this 6th day of July, 2022

                    **SHUMWAY VAN**

                    */s/ Travis J. Robertson*
                    TRAVIS J. ROBERTSON, ESQ.